**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**KEITH WATERMAN,**

         **Plaintiff**          13-CV-0611A(Sr)

v.

**NYS OFFICE OF TEMP & DISABILITY,**

         **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

    This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #7.

    Plaintiff, an Information Technology Specialist II employed at the New York State Office of Temporary Disability Assistance since June 0f 2000, commenced this action, *pro se*, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified at 42 U.S.C. §2000e, *et seq.*, and the Americans with Disabilities Act of 1990, as codified at 42 U.S.C. § 12112 *et seq.*, alleging denial of equal terms, conditions or privileges of employment and failure to promote based upon his Native American heritage and disability. Dkt. #1.

    Currently before the Court is defendant's motion to dismiss the complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for failure to effect proper service upon a state agency and Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to allege facts which plausibly allege adverse employment action. Dkt. #3.

Once a defendant challenges the sufficiency of process, the burden of proof is on the plaintiff to demonstrate the adequacy of service. *DeLuca v. AccessIT Group,* 695 F. Supp.2d 54, 64 (S.D.N.Y. 2010); *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997). Rule 4(j)(2) of the Federal Rules of Civil Procedure provides that service upon a state agency shall be made by delivering a copy of the summons and complaint to its chief executive officer or serving the summons and complaint in the manner prescribed by New York's Civil Practice Law and Rules. Section 307(2) of New York's Civil Practice Law and Rules provides that service on a state agency shall be made by delivering the summons to the chief executive officer of the agency (or the person designated to receive service on behalf of the chief executive officer), or by mailing the summons by certified mail, return receipt requested, to the chief executive officer with the notation "URGENT LEGAL MAIL," and delivering the summons to an assistant attorney general at an office of the attorney general.

Plaintiff does not dispute that he failed to deliver the summons to an assistant attorney general at the Attorney General's Office in Buffalo. Dkt. #11. Moreover, the certified letter is not addressed to the Chief Executive Officer of the New York State Office of Temp & Disability nor is the envelope marked "URGENT LEGAL MAIL." Dkt. #5, p.5. Accordingly, it is recommended that defendant's motion to dismiss for failure to effect proper service be granted but that, in accordance with plaintiff's request for additional time to effect proper service (Dkt. #11), the Court exercise its discretion pursuant to Rule 4(m) of the Federal Rules of Civil Procedure to afford plaintiff an additional 120 days to effect proper service.

Plaintiff is advised that pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, he may amend his complaint as of right to address any deficiencies identified by defendant in its motion to dismiss for failure to allege facts which plausibly

allege adverse employment action. *See Galabya v. N.Y. City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (A plaintiff sustains an adverse employment action if he or she endures a change in working conditions more disruptive than a mere inconvenience or an alteration of job responsibilities, for example, termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation.)*.*

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:   Buffalo, New York
         November 22, 2013

                                       *s/ H. Kenneth Schroeder, Jr.*
                                       H. KENNETH SCHROEDER, JR.
                                       United States Magistrate Judge